NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4773-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

HOWARD L. RYAN,

 Defendant-Appellant.
___________________________

 Submitted October 24, 2017 – Decided November 15, 2017

 Before Judges Reisner and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Salem County, Indictment No.
 08-11-0495.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Carolyn V. Bostic, Designated
 Counsel, on the brief).

 John T. Lenahan, Salem County Prosecutor,
 attorney for respondent (David M. Galemba,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Howard L. Ryan appeals from an April 27, 2016 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. We affirm.
 A jury found defendant guilty of attempting to lure or entice

a minor into a motor vehicle with a purpose to commit a criminal

offense with or against the child, N.J.S.A 2C:13-6. Defendant was

subsequently sentenced to a term of seven and one-half years with

a five year period of parole ineligibility. Defendant appealed

both the conviction and sentence. We rejected defendant's

contentions and affirmed. See State v. Ryan, A-4609-10 (App. Div.

May 22, 2012). The Supreme Court denied defendant's petition for

certification. See State v. Ryan, 213 N.J. 45 (2013).

 Defendant filed a PCR petition alleging his trial counsel was

ineffective based on three specific grounds: counsel failed to

file a Miranda1 motion; counsel failed to review a taped statement

by the victim prior to trial and failed to use the taped statement

effectively in cross-examination; and counsel failed to meet with

defendant and investigate facts/witnesses supporting the charge

and possible defenses.

 The PCR judge, who did not preside over defendant's criminal

trial, heard oral argument on the PCR application without

conducting an evidentiary hearing. The PCR judge denied

defendant's petition.

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-4773-15T1
 The facts relevant to defendant's PCR application were set

forth in our decision denying defendant's direct appeal. We need

not repeat those facts in disposing of this appeal as they are not

necessary for our review of defendant's arguments related to the

denial of his PCR petition.

 In her comprehensive written decision on defendant's PCR

application, Judge Linda L. Lawhun found that there was no

meritorious basis for a Miranda motion suppressing defendant's

statements. She also found that while trial counsel did not listen

to the victim's taped statement prior to commencement of the trial,

the trial judge permitted a brief adjournment during the trial to

permit defense counsel to review the audio tape.2 The PCR judge

concluded that trial counsel was not ineffective in his use of the

tape to cross-examine the victim. She found that defendant's

remaining claims, including the claims in defendant's pro se PCR

petition, were bald assertions with no evidentiary support, were

duplicative of counsel's arguments in support of the PCR petition,

or could have been raised as part of defendant's direct appeal.

 Based on those rulings, the PCR judge determined that

defendant failed to establish a prima facie case of ineffective

assistance of counsel in accordance with Strickland v. Washington,

2
 Defense counsel asserted that the audio tape was not provided in
discovery.

 3 A-4773-15T1
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693

(1984), and adopted by our Supreme Court in State v. Fritz, 105

N.J. 42 (1987).

 On appeal from the denial of his PCR petition, defendant

raises the following arguments:

 POINT ONE

 THE PCR COURT ABUSED ITS DISCRETION BY
 REFUSING TO HOLD AN EVIDENTIARY HEARING WHERE
 DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF
 INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN
 VIOLATION OF U.S. CONST. AMENDS. VI AND XIV,
 AND N.J. CONST. ART. I, PAR. 10.

 A. Trial Counsel's Performance Was
 Deficient Because He Failed to
 Investigate Potential Alibi and/or
 Corroborating Defense Witnesses Who
 Were Either Identified by the
 Defendant or Obvious From the
 Discovery.

 B. Trial Counsel Was Ineffective
 for Failing to File a Motion to
 Suppress the Defendant's Alleged
 Statement to Corporal Daniels Where
 the Defendant Was Subject to a
 Custodial Interrogation as Required
 by Miranda.

 C. Trial Counsel's Cross-
 Examination of the Victim was
 Deficient Under Strickland Because
 He Did Not Effectively Utilize Her
 Audiotaped Statement to the Police,
 Which Trial Counsel Failed to Secure
 and Listen to Prior to the Start of
 Trial, to Impeach Her Testimony and
 Credibility.

 4 A-4773-15T1
 To establish a prima facie claim of ineffective assistance

of counsel, a convicted defendant must satisfy the two-part test

enunciated in Strickland by demonstrating that: (1) counsel's

performance was deficient, and (2) the deficient performance

actually prejudiced the accused's defense. Strickland, supra, 466

U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; see also

Fritz, supra, 105 N.J. at 58.

 In reviewing ineffective assistance claims, courts apply a

strong presumption that a defendant's trial counsel "rendered

adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." Strickland, supra,

466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

"[C]omplaints 'merely of matters of trial strategy' will not serve

to ground a constitutional claim of inadequacy[.]" Fritz, supra,

105 N.J. at 54 (citation omitted). To establish a prima facie

claim of ineffective assistance of counsel, a defendant must

demonstrate a reasonable likelihood of succeeding under the

Strickland/Fritz test. See State v. Preciose, 129 N.J. 451, 463

(1992). To demonstrate the likelihood of succeeding under the

Strickland/Fritz test, a defendant "must do more than make bald

assertions[,] . . . [and] must allege facts sufficient to

demonstrate counsel's alleged substandard performance." State v.

 5 A-4773-15T1
Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied,

162 N.J. 199 (1999).

 The PCR judge found no merit to defendant's contention that

his counsel was ineffective because he should have filed a Miranda

motion to suppress defendant's statements to the police. In this

case, the victim flagged down a nearby police officer

contemporaneous to her encounter with defendant. The victim told

the officer that a man in a car approached her and offered her

money. The officer saw the vehicle described by the victim and

proceeded to stop defendant's car. The officer then asked

defendant for his driving credentials and inquired what he was

doing near the victim. The officer stopped defendant's car a

second time and questioned defendant as to his purpose for being

in town. Although the officer stopped defendant twice, and asked

questions related to defendant's reasons for being in the area,

the officer let defendant drive away both times. Defendant was

never asked to step outside his car. At no time was defendant's

freedom restricted so as to amount to a custodial interrogation.

Moreover, defendant's statements to the officer were voluntary and

provided in response to the inquiries related to the officer's

investigation.

 Under these circumstances, we agree that Miranda warnings

were not required a result of the brief discussions between

 6 A-4773-15T1
defendant and the officer. The principles of Miranda were not

intended to hamper or inhibit police engaging in "on-the-scene

questioning as to facts surrounding a crime or other general

questioning of citizens in the fact-finding process. . . ."

Miranda, supra, 384 U.S. at 477, 86 S. Ct. at 1629, 16 L. Ed. 2d

at 725. In responding to the officer who was making inquiry,

defendant was neither under arrest nor undergoing custodial

interrogation. See State v. Smith, 374 N.J. Super. 425, 430-31

(App. Div. 2005). In this situation, a suppression motion would

not have been successful, and defense counsel was not ineffective

for failing to file a Miranda motion. See State v. Worlock, 117

N.J. 596, 625 (1990).

 As for defendant's contention that his counsel was

ineffective in failing to listen to the audio recording of the

victim's statement and then use that statement effectively during

cross-examination, the PCR judge correctly observed that defense

counsel requested, and was granted, an adjournment during the

trial so that counsel could listen to the victim's recorded

statement. Defense counsel continued cross-examination of the

victim the next morning, after counsel had ample opportunity to

listen to the audio recording of the victim's statement and

formulate his cross-examination questions. We listened to the

audio recording of the victim's statement, as did the PCR judge,

 7 A-4773-15T1
and agree that the victim's trial testimony did not contradict her

recorded statement to the police. Defendant failed to demonstrate

that defense counsel's cross-examination of the victim was

deficient so as prejudice his defense.

 Lastly, defendant asserts defense counsel was ineffective in

failing to meet with him and investigate potential witnesses,

including defendant's wife who defendant claims would have

corroborated his explanation for being in the area on the day of

the incident. Rule 3:22-10(c) states that "[a]ny factual assertion

that provides the predicate for a claim of relief [in a petition

for PCR] must be made by an affidavit or certification . . . and

based upon personal knowledge of the declarant before the court

may grant an evidentiary hearing." Under this rule, a defendant

asserting a claim of ineffective assistance of counsel in a PCR

petition based on his counsel's failure to produce a witness at

trial must present a certification by that witness concerning the

testimony the witness would have given. See State v. Petrozelli,

351 N.J. Super. 14, 23 (App. Div. 2002); State v. Cummings, supra,

321 N.J. Super. at 170-71.

 Defendant was unable to identify or provide any information

about the group of girls or the group of males who were allegedly

in the vicinity of the victim when defendant claims he stopped to

ask for directions. Defendant failed to provide information that

 8 A-4773-15T1
would have allowed defense counsel to locate and question these

claimed witnesses and obtain affidavits in support of his PCR

application. More importantly, defendant speculates that these

potential witnesses, if they could have been located by defense

counsel, overheard his conversation with the victim and would have

corroborated his testimony. In a PCR petition it is defendant's

burden to present witnesses he claims would have been available

to testify and specify the nature of their testimony. See

Cummings, supra, 321 N.J. Super. at 171.

 As for the failure to call defendant's wife, who allegedly

would have corroborated defendant's reasons for being in the area

on the day of the incident, his wife died in 2014 and thus could

not confirm or deny defendant's PCR petition claim by way of a

supporting affidavit.3 Moreover, as the PCR judge noted,

defendant's wife was not with him when the offense occurred and

thus could not have known what defendant was doing at the time of

the incident. Consequently, the PCR judge found that the testimony

of defendant's wife would not have been sufficient to create "a

reasonable doubt with respect to an essential feature of the

State's case." State v. Fortin, 178 N.J. 540, 591 (2004).

3
 At no time subsequent to his conviction, until his wife's death
in 2014, did defendant attempt to obtain a corroborating affidavit
from his wife as to defendant's reasons for being in town on the
date of the incident.

 9 A-4773-15T1
 Based on our review of the record, we are satisfied that

defendant failed to demonstrate that he was denied effective

assistance counsel to meet the Strickland/Fritz test.

 Affirmed.

 10 A-4773-15T1